UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

15TH JUDICIAL CIRCUIT
Court Case No.: 502022CA008189XXXXMB

KARINA MEZZASALMA,

    Plaintiff,

v.

TARGET CORPORATION a foreign corporation,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL WITH INCORPORATED MEMORANDUM OF LAW

Defendant/Petitioner TARGET CORPORATION ("TARGET"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§1332, 1441, 1446, Fed. R. Civ. P. 81(c), respectfully petitions this Court for removal of the above-captioned action from the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida, Palm Beach Division [Ex. 1: Civil Cover Sheet]. In support thereof, TARGET states as follows:

1. Plaintiff filed this state court action styled *Karina Mezzasalma v. Target Corporation*, Case No.: 2022-CA-008189 in the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, on August 22, 2022 alleging personal injuries to Plaintiff, KARINA MEZZASALMA, ("MEZZASALMA") as a result of a slip on a "yellow liquid" substance at the Boynton Beach Target store on September 6, 2021. TARGET was served with the Complaint on September 8, 2022 [Ex.2: Summons and Complaint: ¶8]

2. On September 22, 2022, TARGET filed its Answer and Affirmative Defenses to MEZZASALMA'S Complaint. [Ex. 3: Target Answer]

3. MEZZASALMA is a resident of Palm Beach County, Florida. MEZZASALMA is a citizen of the state of Florida [Ex.2: ¶2].

4. TARGET is a foreign corporation incorporated in Minnesota with its principle place of business in Minnesota. TARGET is a citizen of the state of Minnesota [Ex.3: ¶3].

5. The Complaint seeks damages for MEZZASALMA'S alleged injuries and states as follows [Ex.2: ¶12]:

> Plaintiff suffered severe bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, incurred expenses of hospitalization and medical and nursing care treatment, loss of earnings, loss of employment benefits, and loss of ability to earn money. The injuries are either permanent or continuing in nature and Plaintiff will suffer such losses and impairment into the future.

6. MEZZASALMA'S Complaint seeks damages in excess of Thirty Thousand Dollars ($30,000.00).

7. By correspondence dated May 6, 2022 December 2, 2020, MEZZASALMA'S counsel provided TARGET with a sixteen (16) page settlement demand (the "Demand") with supporting medical records, billing and photographs of her alleged injuries. The Demand advises that MEZZASALMA "sustained significant injuries" and "has gone through a lengthy treatment process." [Exhibit 4: May 6, 2022 Demand]

8. In bold faced font, the May 6, 2022 Demand contains a detailed analysis of the "**FACTS & LIABILITY**," a five (5) page analysis of MEZZASALMA'S "**INJURIES & TREATMENTS**," and a three (3) page analysis of the "**DAMAGES**" which MEZZASALMA relates to the incident at Target.

9. The Demand sets forth the alleged facts surrounding the incident and provides Counsel's detailed and thoughtful liability analysis. In this regard, the **FACTS & LIABILITY** section in pertinent part provides that MEZZASALMA was a business invitee at the Boynton

Beach Target store, that after leaving the self-checkout area she slipped on a greasy yellow substance while pushing a shopping cart near the Optical Center and cashiers, that MEZZASALMA fell forward "smacking her right knee, right ankle, and chin on the metal parts of the shopping cart," that TARGET negligently failed to inspect, identify, and fix an unsafe and dangerous hazardous condition, that a reasonable inspection would have revealed the puddle of liquid, that employees could have provided notice of the danger or warned customers, and that TARGET failed to maintain the store in a reasonably safe manner.

10.  In the **INJURIES & TREATMENT** section, MEZZASALMA provides a chart "representing a non-exhaustive summary of her injuries;" twenty-three (23) separate "Injury/Diagnosis" are set forth therein all of which MEZZASALMA contends are "a direct and proximate result" of the incident which is the subject of this lawsuit.

11.  **Subsection 2.2 Treatment** hi-lights the extent of MEZZASALMA'S medical conditions and treatment which she relates to the alleged incident as follows[1]:

- MEZZASALMA treated with physicians at Path Medical including Dr. Duquette, Dr. Soloway, and Dr. Kurzbuch. MEZZASALMA complained of pain in her neck, back, right wrist, right knee, right leg, right ankle, and headaches; she was provided a lumbar belt and ankle brace; she underwent conservative therapy and modalities; she was referred for MRIs. MEZZASALMA advised that "she wished to proceed with pain management," given her continuing pain and symptoms.
- MRIs of the lumbar and cervical spine performed September 10, 2021 reveal disc pathology including herniations at C3/4, C5/6, and L5/S1, and bulging at C4/5, C6/, L3/4, and L4/5.
- MEZZASALMA presented to neurosurgeon Dr. Trinidad with complaints of pain in her neck and back and constant headaches. MEZZASALMA underwent a bilateral transforaminal epidural injection into her lumbar spine at the L5/S1 level on September 28, 2021 which was repeated on March 7, 2022. As to her neck, MEZZASALMA underwent a bilateral medial branch nerve block at C4/5 and C5/6 on March 7, 2022.

---

[1] Plaintiff's complete medical records and billing have been excluded as an exhibit to this Removal Petition in accordance with the CM/ECF Administrative Procedures for the Southern of Florida to protect the privacy of Plaintiff and will be produced upon request from the Court.

- Dr. Trinidad recommended that MEZZASALMA undergo cervical radiofrequency ablations at C4/5 and C5/6; Dr. Trinidad advised MEZZASALMA that she was a surgical candidate for an anterior cervical discectomy or fusion or disc replacement and a laser-assisted lumbar endoscopic discectomy at L4/5, L5/S1 and possible anterior lumbar fusion at L5/S1.
- MEZZASALMA reported to Dr. Trinidad that "she has no choice but to proceed with the recommended anterior lumbar interbody fusion at L5/S1." MEZZASALMA is still treating with Dr. Trinidad.

12. MEZZASALMA provided voluminous medical records and billing to confirm the treatment she received from her medical providers.

13. The **DAMAGES** section of the Demand sets forth MEZZASALMA'S Economic and Non-Economic Damages as follows:

| Damages | Amount |
|---|---|
| Past Medical Expenses | $83,859.44 |
| Future Medical Expenses | $209,300.00 |
| Loss of Household Services | $5,801.70 |
| Pain and Suffering | $500,000.00 |
| **TOTAL DAMAGES** | **$768,401.14** |

14. In subsection 3.2 titled **Past Medical Expenses**, the Demand (in bold faced block and hi-lighted font) confirms the charges related to the treatment MEZZASALMA received with references to back-up supporting billing exhibits. Page 10 of the Demand provides as follows:

**3.2 Past Medical Expenses**

Ms. Mezzasalma's medical bills to date total at least **$83,859.44**, itemized as follows:

| Provider | Date of Service | Amount Charged | Supporting Doc |
|---|---|---|---|
| Path Medical and MRI | 09/07/21–09/15/21 | $7,157.44 | Exhibit 4 |
| Spine & Ortho Specialists (Dr. Trinidad) | 09/17/21-03/07/22 | $32,782.00 | Exhibit 5 |
| Central Plm Bch Surg. Ctr. | 09/28/21-03/07/22 | $38,520.00 | Exhibit 6 |
| Anes. Services | 09/28/21-03/07/22 | $5,400.00 | Exhibit 7 |
| **TOTAL** | | **$83,859.44** | |

15. In addition to the past medical expenses of $83,859.44, page 11 itemizes and details future medical expenses of $209,300.00 which include four (4) invasive procedures and physical therapy to rehabilitee her spine. Those procedures include the following:

- Cervical Radiofrequency Ablations at Bilateral C4/5 and C5/6
- Lumbar Endoscopic Laser Assisted Discectomy at L4/5 and L5/S12
- Anterior Cervical Discectomy and Fusion
- Anterior Lumbar Interbody Fusion at L5/S1 Under Fluoroscopy

16. In addition to the foregoing, the Demand delineates $5,801.70 in damages which MEZZASLMA'S claims are related to loss of household services and past and future pain and suffering damages in the amount of $500,000.00.

17. Pages 13 through 15 of the Demand sets forth a comparable Jury Verdict Analysis for consideration. Counsel follows with a detailed "per-diem analysis" and calculation of MEZZASALMA'S non-economic damages; photographs of MEZZASALMA'S injuries are part of the Demand package.

18. Based upon Counsel's detailed fact and thoughtful liability analysis and the medical records, billing and photographs submitted regarding the injuries and damages suffered by MEZZASALMA, Counsel directed a thirty (30) day time limit demand to TARGET for $768,401.14. The Demand provided that the check "shall be made payable to 'Thompson Legal, P.A. Trust Account" and sent to the firm's office located in Davie, Florida.

19. Based upon Counsel's evaluation of the case at $768,401.14, MEZZASALMA'S disclosed past medical expenses of $83,859.44, medical treatment including epidural injections and nerve blocks into her spine, Dr. Trinidad's recommendations for a future radiofrequency nerve ablation and three separate spinal surgeries, along with the damages MEZZASALMA is seeking, it is clear that the amount in controversy herein exceeds the $75,000.00 threshold for diversity jurisdiction under 28 U.S.C. §1332.

20. TARGET'S Notice of Removal has been filed within 30 days of receipt of the initial pleading in accordance with 28 U.S.C. §1446.

21. Venue is proper in the Palm Beach Division of this Court pursuant to 28 U.S.C. §1446 as the state court action originated in Palm Beach County.

22. Copies of all process, pleadings and other papers filed in the State Court proceedings have been filed with the Court as required by 28 U.S.C. §1446 (a). Copies of these documents are attached as composite Exhibit 5.

23. TARGET has filed the removal fee contemporaneously with its Removal Petition.

24. Pursuant to 28 U.S.C. §1446(d), TARGET has provided written notice of the removal of the State Court Action to MEZZASALMA'S counsel and has filed a Notice of Filing this Notice of Removal with the State Court. A true and correct copy of the Notice of Filing Target's Notice of Removal is attached hereto as Exhibit 6.

## MEMORANDUM OF LAW

25. As a predicate for removal, a removing defendant must demonstrate that the district court has original jurisdiction of the action pending in state court. *Leonard v. Kern,* 651 F. Supp. 263 (S.D. Fla. 1986). The burden is on the party requesting removal to federal court to show that it has met all of the applicable statutory requirements. *Wright v. Continental Casualty Co.,* 456 F. Sup. 1075, (N.D. Fla. 1978). A defendant may introduce its own affidavits, declarations or other documentation to meet its burden. *Pretka v. Kolter City Plaza II,* 608 F. 3d 744 (11th Cir. 2010).

26. MEZZASALMA alleges that TARGET is responsible for her personal injuries and seeks damages arising from the incident. MEZZASALMA sets forth in detail the injuries which she relates to the incident at Target. MEZZASALMA claims "significant injuries" and pain to her neck and back as well as additional orthopedic conditions. The Demand is backed with supporting

medical records setting forth the details and the extent of her claimed injuries, the degree of her pain and symptoms, the physicians who have treated her, and the medical care she has received to date.  MEZZASALMA has identified medical expenses of at least **$83,859.44** and provided billing in support thereof.   MEZZASALMA produced her cervical and lumbar MRIs along with records from Dr. Trinidad who has recommended three separate spinal surgeries.  MEZZASALMA contends her injuries are permanent and continuing in nature.

27. Although her future surgeries have yet to occur, it is reasonable to conclude that at a minimum, the recommendation and need for future treatment by way of surgery substantiates MEZZASALMA'S claim for pain and suffering along with the likelihood that she will incur additional damages in the future. *Farley v. Variety Wholesalers, Inc.*, 2013 U.S. Dist. LEXIS 57740 (M.D. Fla. 2014).  Given the continuing nature of MEZZASALMA'S spinal pain coupled with the claim that she has obtained no relief through conservative treatment, the assertion that spinal surgeries are a consideration for the next step in treatment is fair and reasonable; as such, MEZZASALMA'S future damages must be taken into consideration in evaluating the amount in controversy herein. *See: Farley.*

28. MEZZASALMA'S unequivocal $768,401.14 settlement demand constitutes legally certain evidence that MEZZASALMA seeks damages in excess of $75,000.00. *Bowen v. State Farm Mut. Auto. Ins. Co.*, 2010 U.S. Dist. LEXIS 39433 (M.D. Fla. 2010).

29. In *Bowen v. State Farm Mut. Auto. Ins. Co.*, 2010 U.S. Dist. LEXIS 39433 (M.D. Fla. 2010), Bowen filed her state court complaint against State Farm seeking damages in excess of $15,000.00 for injuries she sustained in a motor vehicle collision.  State Farm timely removed the case to Federal Court relying upon counsel's written demand letter demanding $100,000.00; Judge Fawsett denied Bowmen's remand motion and held that State Farm met its burden of

establishing by a preponderance of the evidence the amount in controversy was in excess of $75,000.00. Judge Fawsett affirmed that Plaintiff's unequivocal demand with a specific dollar amount is sufficient to constitute "legally certain evidence that Plaintiff seeks damages in excess of $75,000.00." *Bowen*. Based upon the unequivocal $100,000.00 demand and the allegations contained in Bowen's Complaint, Judge Fawsett held that State Farm met its jurisdictional burden to establish that the amount in controversy was in excess of $75,000.00.

30. As in *Bowen*, Counsel's unequivocal $768,401.14 demand constitutes "legally certain evidence that Plaintiff seeks damages in excess of $75,000.00." *Id.* MEZZASALMA has confirmed that she values the case of at least $83,859.44.

31. Additionally, the Complaint seeks damages for bodily injuries, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment, loss of earnings, loss of employment benefits, and loss of ability to earn money. MEZZASALMA contends that her injuries are either permanent or continuing in nature and that she will suffer such losses and impairments in the future. [Ex. 2]. Based upon on all of the foregoing, the amount in controversy in this matter is clearly in excess of the jurisdictional threshold limit of $75,000.00.

## CONCLUSION

32. This action is removable to federal court pursuant to 28 U.S.C. §1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds the $75,000.00 threshold for federal jurisdiction.

33. Based upon the removal evidence, including MEZZASALMA'S Complaint, **Counsel's $768,401.14 settlement demand identifying medical bills of at least $83,859.44** along with the Dr. Trinidad's treatment and surgical recommendations, TARGET has met its

burden and has fully complied with the statutory requirements for removal of this matter to Federal Court.

34. A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). A removing defendant need only show that the amount in controversy more likely than not exceeds the jurisdictional requirement. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010).

35. Removal of this matter is proper; TARGET has demonstrated by a preponderance of the evidence, that the amount in controversy herein exceeds the jurisdictional requirement set forth in 28 U.S.C. §1332. Compete diversity of citizenship exists between MEZZASALMA (Florida) and TARGET (Minnesota) and the amount in controversy exceeds of $75,000.00. The Court possesses jurisdiction over this matter. *Strawbridge v. Curtis*, 7 U.S. 267 (1806).

WHEREFORE, Defendant/Petitioner, TARGET CORPRATION, respectfully requests this action, which is currently pending in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, be removed to this Honorable Court, that this Court assume full jurisdiction over the cause herein as provided by law, and that the Court grant further relief which is deemed just and appropriate.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 22nd day of September, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, Florida  33411
Telephone: (561) 684-3222
Facsimile:  (561) 640-3050
Email:  jdd@derreverelaw.com

BY:  _/s/ Jon D. Derrevere_____
JON D. DERREVERE, ESQUIRE
Florida Bar No: 0330132

# SERVICE LIST

**KARINA MEZZASALMA versus Target Corporation**

**United States District Court, Southern District of Florida**

| | |
|---|---|
| Jon D. Derrevere, Esquire<br>E-mail: jdd@derreverelaw.com<br>Derrevere Stevens Black & Cozad<br>2005 Vista Parkway, Suite 210<br>West Palm Beach, FL 33411<br>Telephone: (561) 684-3222<br>*Attorney for Defendant, Target Corporation* | Steve Thompson, Esquire<br>Stephanie Taylor, Esquire<br>Email: pleadings@thompsonlegalfl.com<br>Thompson Legal, P.A.<br>5989 Stirling Road<br>Davie, FL 33314<br>Telephone (954) 510-3366<br>*Attorney for Plaintiff, Karina Mezzasalma* |